Patrick M. Flatley
United States Bankruptcy Judge

Dated: Friday, October 31, 2014 4:30:02 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN RANDALL SNYDER, ) | |
| and DEBORAH STALNAKER SNYDER ) | Case No. 13-bk-783 |
| ) | |
| Debtors. ) | Chapter 7 |
| ) | |
| ) | |
| JJ BEST BANC & CO., ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Adversary No. 13-ap-53 |
| ) | |
| JOHN RANDALL SNYDER ) | |
| and DEBORAH STALNAKER SNYDER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

J.J. Best Banc & Co. (the "Plaintiff"), seeks summary judgment on its complaint seeking to except $9,238.20 from John Randall Snyder and Deborah Stalnaker Snyder's (the "Debtors") discharge under 11 U.S.C § 523(a)(2)(A). The Plaintiff contends that grounds exist to render the debt nondischargable because the Debtors intended to defraud the Plaintiff.

The Debtors seek entry of summary judgment on the basis that the Plaintiff cannot prove that: (1) the Debtors made a fraudulent misrepresentation; and (2) if they did make a representation, that the Plaintiff did not rely on it when loaning money to the Debtors.

For the reasons stated herein, the court will deny both motions for summary judgment.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The movant bears the burden of proof to establish that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden.  *Id*. at 323.  Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248.  Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law.  *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).  A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp*., 477 U.S. at 322-23.  The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  *Shaw*, 13 F.3d at 798.  However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986).  If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial.  *Celotex Corp*., 477 U.S. at 317, 323-24.  Thus, for the movant to prevail on its motion for summary judgment, it must demonstrate that the material facts are not in dispute and there is an absence of evidence to create a triable issue regarding every necessary element of its claims.

## II. BACKGROUND

On July 25, 2011, the Debtors borrowed money from the Plaintiff to purchase a 1957 Buick Roadmaster VIN # 7D402736 (the "Buick").  The Debtors signed a promissory note and security agreement, which required them to title the Buick in their names and to list the Plaintiff as holding a first-position lien on the Buick.  Although the Debtors used the loan proceeds to purchase the Buick, they did not list the Plaintiff as the first lienholder on the title.  The Debtors subsequently

sold the Buick for $9,000.00 on Ebay and used the sale proceeds to purchase another vehicle and to pay medical bills. Notably, the Debtors did not pay the Plaintiff and later defaulted on the promissory note. On June 27, 2013, the Debtors filed a Chapter 7 bankruptcy petition in this court, which precipitated this adversary proceeding.

### III. DISCUSSION

The Plaintiff argues that it is entitled to summary judgment on its complaint because there are no genuine issues of material fact surrounding its claim that the Debtors intended to defraud the Plaintiff. It contends that the Debtors' answers to interrogatories demonstrate their intent to defraud the Plaintiff of the loaned money. The Debtors contest the Plaintiff's assertions in that regard and argue that they are entitled to summary judgment because the Plaintiff cannot demonstrate the Debtors' fraudulent intent necessary to establish a false misrepresentation and cannot establish that it reasonably relied on any such misrepresentation.

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt "for money . . . to the extent obtained, by – (A) false pretenses, a false representation, or actual fraud . . . ." Not all debts incurred as a result of fraud fall within this exception to discharge; rather, this exception only includes those "debts in which the debtor used fraudulent means to obtain money . . . ." *Nunnery v. Rountree (In re Rountree)*, 478 F.3d 215, 219 (4th Cir. 2007). However, "[o]nce it is established that specific money or property has been obtained by fraud . . . 'any debt' arising therefrom is excepted from discharge," *Id.* at 222 (citing *Cohen v. De La Cruz*, 523 U.S. 213, 218, (1998)), "including . . . attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen*, 523 U.S. at 223. The intent of § 523(a)(2) is "to protect creditors who were tricked by debtors into loaning them money or giving them property, services, or credit through fraudulent means." *Rountree*, 478 F.3d at 219-20.

For purposes of making a non-dischargeability determination, the terms "false pretenses," "false representation," and "actual fraud" are to be interpreted according to the common understanding of those terms at the time § 523(a)(2)(A) was enacted. *E.g.*, *Field v. Mans*, 516 U.S. 59, 69 (1995) ("The operative terms in § 523(a)(2)(A) . . . carry the acquired meaning of terms of art. They are common-law terms, and . . . they imply elements that the common law has defined them to include."). What Congress meant when it used the terms can be derived from the generally shared common law, as set forth in *Restatement (Second) of Torts* (1976), which was published shortly before Congress passed the 1978 Bankruptcy Code. *Field*, 516 U.S. at 70-73. *See also*

*Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 134 (4th Cir. 1999) ("[W]e will follow the Supreme Court's lead and look to the Restatement to determine the elements required to prove that claim."). To define "actual fraud" the Supreme Court looked to the definition of "fraudulent misrepresentation" under the Restatement, which defines the tort as:

> One who fraudulently makes a misrepresentation of fact, opinion, intention, or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.

*Restatement (Second) of Torts* § 525 (1976).

Thus, under the Restatement, "a plaintiff must prove four elements: (1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing harm to the plaintiff; and (4) the plaintiff's justifiable reliance on the misrepresentation." *Biondo*, 180 F.3d at 134. A creditor can satisfy the first element by showing that the debtor made a representation "known to be false or recklessly made without knowing whether it was true or false." *Boyuka v. White (In re White)*, 128 Fed. Appx. 994, 998 (4th Cir. 2005). Moreover, a debtor's promise to act may be considered a fraudulent misrepresentation "if he does not have that intention [to act] at the time he makes the representation." *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997) (quoting *Restatement (Second) of Torts* § 530(1) (1976)). Generally, summary judgment is inappropriate in cases where intent is an element of a claim, such as § 523(a)(2)(A). *Coleman v. Lott (In re Lott)*, 363 B.R. 835 838 (Bankr. N.D. Ohio 2006). Intent is a subjective state of mind and cannot be easily assessed from a record on summary judgment.

The Plaintiff bears the burden to demonstrate by the preponderance of the evidence that the Debtors' debt is nondischargable under § 523(a)(2)(A). *Grogan v. Garner*, 498 U.S. 279, 291 (1991) (holding that the standard of proof for dischargability exceptions in § 523(a) is the preponderance-of-the-evidence standard). Exceptions to discharge under § 523 are construed narrowly in favor of providing debtors a fresh start. *See Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999).

Regarding its motion for summary judgment, the Plaintiff asserts that it is entitled to relief because the court can infer Debtors' fraudulent intent based on the totality of the circumstances surrounding the execution of the note and security agreement, specifically that the Debtors breached the security agreement by not listing the Plaintiff as the first lienholder on the title, sold the Buick on Ebay, and used the sale proceeds to purchase a second vehicle and pay medical bills

4

instead of paying the debt owed to the Plaintiff.  The Debtors deny making any representation to the Plaintiff, fraudulent or otherwise.  They assert that summary judgment for the Plaintiff is inappropriate because there are genuine disputes as to material facts; namely, whether they made a fraudulent representation, and whether the Plaintiff justifiably relied on any such representation.

Here, the court will deny the Plaintiff's motion for summary judgment because it failed to make a prima facie showing under § 523(a)(2)(A).  Although the Plaintiff alleges that the totality of the circumstances show that the Debtors had a fraudulent intent, it has not shown that it was tricked by the Debtors into giving them money through a fraudulent misrepresentation.  *See Palmacci,* 121 F.3d at 787 ("If, at the time he made his promise, the debtor did not intend to perform, then he has made a false representation . . . If he did so intend at the time he made his promise, but subsequently decided that he could not or would not so perform, then his initial representation was not false when made.").  Upon careful examination of the record on summary judgment, there appear to be genuine issues of material fact concerning the Debtors' intentions: including, for instance, alleged communications with the Plaintiff after signing the promissory note and security agreement.  The Debtors, in their answers to interrogatories, state that they received the Plaintiff's consent to sell the Buick on Ebay; attempted to contact the Plaintiff regarding making payments on the debt; and offered to substitute other collateral for the Buick in order to secure the debt.  The Plaintiff denies communicating with the Debtor in any respect.  The dispute over these facts indicates that the Plaintiff has not satisfied its burden in showing the absence of a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248.  Moreover, although the record on summary judgment shows that the Debtors failed to honor their obligations under the security agreement, this is insufficient to show that the Debtor never intended to honor these obligations in the first place, and that they fraudulently induced the Plaintiff to loan them the money to purchase the Buick.  The court finds it necessary to hear live testimony in this regard so it can adjudge the Debtors' credibility.

Regarding the Debtors' motion for summary judgment, they assert that they are entitled to relief based upon their allegation that the Plaintiff's motion for summary judgment fails to plead facts to support the first element of § 523(a)(2)(A), namely the Debtors' intent at the initiation of the loan.  The Debtors further assert that they are entitled to relief because the Plaintiff allegedly relied only on the Debtors' credit history report in loaning funds to the Debtors.  The Plaintiff contests the Debtors' assertions in that regard, and argues that it relied on the security agreement.

Based upon the dispute between the parties, it is unclear what the Plaintiff relied upon in loaning money to the Debtors. Thus, the Debtors have not met their burden to demonstrate an absence of material fact concerning the Plaintiff's reliance. See *Anderson*, 477 U.S. at 248. Therefore the Debtors have not met their burden regarding summary judgment. Moreover, the court finds it necessary to hear live testimony so it can adjudge the Plaintiff's credibility.

## IV. CONCLUSION

For the above-stated reasons, the court will deny, without prejudice, the Plaintiff's motion for summary judgment and the Debtors' motion for summary judgment. A separate order will be entered pursuant to Fed. R. Bankr.P. 9021.